UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BURSEY,

       Petitioner-Defendant,

                                       Civil Case No. 99-72418
vs.                                            Criminal Case No. 97-80227

UNITED STATES OF AMERICA,

                                       HON. AVERN COHN

       Respondent-Plaintiff.

_____/

## MEMORANDUM AND ORDER DENYING WRIT OF HABEAS CORPUS/MODIFICATION OF SENTENCE

I.

This is a criminal case with a long procedural history. On December 18, 1998, petitioner-defendant, Christine Bursey (Bursey), was sentenced to a custody term of 188 months on her jury conviction of conspiracy with intent to distribute and to distribute cocaine, and aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 and § 841(a)(1) and (2). The jury acquitted defendant of conspiracy to extort property under color of official right, in violation of 18 U.S.C. § 1951 and § 1952.

Bursey's conviction and sentence were affirmed on appeal. United States v. Albert Bursey and Christine Bursey, Nos. 99-1006, 1001, 215 F.3d 1327, 2000 WL 712377 (6th Cir. May 23, 2000) (unpublished). Bursey then filed a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The Court denied the motion.

See Memorandum and Order filed October 18, 2001. The Court granted a certificate of appealability. See Order filed November 14, 2001. The Sixth Circuit affirmed the denial of Bursey's § 2255 motion. Bursey v. United States, No. 01-2585 (Sept. 16, 2003). Bursey then twice petitioned the Sixth Circuit for permission to file a second motion under § 2255, both times in which she was denied. Bursey v. United States, No. 05-1646 (May 20, 2005); Bursey v. United States, No. 06-2611 (Sept. 19, 2007).

On July 27, 2010, Bursey filed the instant motion. Bursey cites several statutory sections as grounds for relief; § 2255 is not among them. As best as can be gleaned, Bursey is objecting to her sentence on the grounds that the Court sentenced her based on the mandatory nature of the guidelines and based on a quantity of cocaine which was not found by a jury. She also contends she is entitled to a reduction in her sentence because she says she was a minor participant. The government, at the Court's direction, filed a response in the form of a motion to dismiss. The government argues that Bursey's motion is a second motion under § 2255 for which she must first obtain permission from the Sixth Circuit.

II.

As noted above, Bursey cites several statutory sections as grounds for relief. They include 18 U.S.C. § 3553, 18 U.S.C. § 3582, 18 U.S.C. § 3006A, 18 U.S.C. § 3742, 18 U.S.C. § 1291, 28 U.S.C. § 1651. None of these sections entitle Bursey to relief from her sentence.

Section 3553 sets forth the factors the Court must consider in imposing a sentence; it does not create a substantive right to challenge a sentence. Section 3582 (c)(2) provides that a Court may not modify a sentence after it has been imposed unless

2

the "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." That has not happened here.

Section 3742 does not provide a jurisdictional basis for the Court to review Bursey's sentence. Section 3742[1] confers authority for the appellate courts to review a sentence. Bursey had the opportunity to obtain such review by the Sixth Circuit several years ago.

Section 3006A simply requires the district courts to have a plan for providing representation to indigent persons. It does not create a right to challenge a sentence.

18 U.S.C. § 1291 does not exist. It is assumed Bursey intended to cite 28 U.S.C. § 1291, which provides that the court of appeals shall have jurisdiction from final decisions of the district courts. It does not provide her with an avenue for relief.

Finally, section 1651 is the All Writs Act. The All Writs Act provides "a residual source of authority" when no other provision "addresses the particular issue at hand,"

---

[1] 18 U.S.C. § 3742 provides:
(a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable

not an alternative to available but unavailing procedures concerning the matter at hand. See Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Here, there is a provision which applies–§ 2255–thus, the All Writs Act cannot be invoked.

III.

In the end, Bursey's challenge to her sentence falls within the purview of a motion under § 2255. Because Bursey has already filed one § 2255 motion, she would need authorization from the Court of Appeals to file a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(2).

Accordingly, Bursey's motion is DENIED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2010

I hereby certify that a copy of the foregoing document was mailed to

Christine Bursey
20728 Lyndon
Detroit, MI 48223

and the attorneys of record on this date, October 20, 2010, by electronic and/or ordinary mail.

    S/Michael Williams
Relief Case Manager, (313) 234-5160